UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION

NO: _____

**04 • 10796 PBS**

| | |
|---|---|
| **CONSTANTINE M. LOTSMAN** | ) |
| Plaintiff | ) |
| | ) |
| | ) |
| | ) |
| V. | ) |
| | ) |
| | ) |
| **DEUTSCHE BANK AG** (Germany) | ) |
| **DEUTSCHE INVESTMENT MANAGEMENT AMERICAS, INC.** | ) |
| *a/k/a Deutsche Asset Management, subsidiary of Deutsche Bank* | ) |
| **JOSEF ACKERMANN** | ) |
| *CEO and Spokesman of Deutsche Bank; citizen of Switzerland* | ) |
| Defendants | ) |

**AMENDMENT**

1

This Amendment is submitted to modify the Complaint filed on April 14th, 2004.

**Paragraphs 172-175** of the Complaint shall be replaced with the following language:

### Count 1

### 8 U.S.C. Section 1324b

### (Unfair Immigration-Related Employment Practices) and

### The Immigration Reform and Control Act of 1986

172-175. The Immigration Reform and Control Act of 1986 (IRCA) prohibits discrimination based on national origin or citizenship. An employer who singles out individuals of a particular national origin or individuals who appear to be foreign may have violated both IRCA and Title VII of the Civil Rights Act. Employers who impose citizenship requirements in hiring or employment opportunities may have violated IRCA. Discrimination based on citizenship is expressly prohibited by the Immigration Reform and Control Act of 1986.

**Paragraphs 184-186** of the Complaint shall be replaced with the following language:

### Count 5

### 18 U.S.C. Section 245 (Federally Protected Activities)

184-186. Under this federal statute concerning civil rights and federally protected activities, individuals cannot be denied from "enjoying or attempting to enjoy" certain rights based on race, ethnicity, national origin (country of origin) or religion. These rights include applying for employment or enjoying employment (*United States v. Lane*). This right was violated by the Defendants. Federally protected activities also include 'participating in or enjoying any benefit, service, privilege, program, facility, or activity

2

provided or administered by the United States'. Attending a DOJ interview (or responding to DOJ Summons) in connection with application for LPR status falls into this category. This right was also violated by the Defendants.

## Count 6

### (Title VII of the Civil Rights Act of 1964)

Section 703 of Title VII of the Civil Rights Act of 1964 prohibits employment discrimination based on race, color, religion, sex, and national origin (country of origin) and provides for the recovery of compensatory and punitive damages. No one can be denied Equal Opportunity Employment because of birthplace, ancestry, or linguistic characteristics. According to EEOC, 'it is not necessary for a person to show that his or her ancestors are from a particular country or region to prove national origin discrimination…A claim can be proven if a person is discriminated against for having the characteristics of a different group…A person may be seen as foreign born or of foreign ancestry and may be discriminated against in violation of the law…The law prohibits discrimination because a person associates with people [or married to person] of a national origin group,…and discrimination because a person's name or person's spouse's name is associated with a national origin group.' The law prohibits discriminating because of the perception or belief that a person is a member of a particular national group whether or not that perception is correct.

## Count 7

### 42 U.S.C. Section 1981 (Equal Rights under the Law)

3

Section 1984 states that all persons within the jurisdiction of the United States shall have the same right to make and enforce contracts, to sue, be parties, and give evidence. I-864 (Affidavit of Support) under Section 213A of the Immigration and Nationality Act (8 U.S.C. Section 1183a) is a legally enforceable contract between Federal Government, Sponsor and the Beneficiary. During INS Interview of October 4th, 2000 the Plaintiff and his wife were supposed to provide evidence pursuant to Section 213A (Affidavit of Support) of the Immigration and Nationality Act (8 U.S.C. Section 1183a)

## Count 8

### 42 U.S.C. Section 2000e-3

### (Other Unlawful Employment Practices)

Section 2000e-3 prohibits discrimination for making charges, testifying, assisting, or participating in enforcement proceedings. An INS/DOJ Interview of October 4th, 2000 was an enforcement proceeding by Federal Government, when the Plaintiff and his wife were supposed to testify, assist, and participate in the proceeding pursuant to Section 213A (Affidavit of Support) of the Immigration and Nationality Act (8 U.S.C. Section 1183a). It may be added that the Plaintiff was also discriminated in retaliation for filing a Complaint against his employer, including employer's refusal to reimburse for employee's training programs, which is also a violation of this section.

**Paragraphs 138-139** of the Complaint shall be replaced with the following language:

### The Statute of Limitations

138. According to *Gross v. Weber*, statute of limitations begins to run the moment person discovers the negligent act, the damage, and the causal connection. The damage was discovered the moment the diagnosis was made (December 28, 2001; refer to medical records of MGH). In other words, on December 28th 2001 the actual harm and the causal connection were discovered. The statue of limitations could also be calculated from the date the Plaintiff's long-lasting disability and impairment became permanent (Dec. 28th, 2002). In other words, full extent of damage was discovered on December 28th, 2002.

139. The important detail of this Complaint is that Plaintiff's diagnosis of Major Depression was a direct result of discrimination of his *WIFE* rather than a result of his own discrimination. The reason is obvious: termination of employment of *WIFE* would result in Plaintiff's deportation and separation from the family pursuant to Section 213A (Affidavit of Support) of the Immigration and Nationality Act (8 U.S.C. Section 1183a). However, the termination of employment of husband himself would *NOT* result neither in deportation, nor in family separation pursuant to Section 213A.

Constantine M. Lotsman

Plaintiff

April 23, 2004

5